Daniel L. Barton (CA SBN 135806)
NOLAN BARTON OLMOS LLP

600 University Avenue
Palo Alto | CA | 94301
T 650.326.2980 | F 650.326.9704

Attorney for Defendant
Shawn Moore

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SHAWN MOORE,<br><br>　　　　　Defendant. | No. 18-CR-00195 BLF<br><br>**NOTICE OF MOTION AND MOTION FOR RELEASE PENDING SENTENCING PURSUANT TO 18 U.S.C. § 3143** |

Please take notice that, at a date and time convenient to the Court, defendant Shawn Moore will and hereby does move the Court for an order for his immediate release from custody pending sentencing. This motion is based on 18 U.S.C. § 3143, the attached memorandum of points and authorities, the attached declaration of counsel and upon such evidence and argument as may be presented at the motion.

**I.     INTRODUCTION**

Mr. Moore is a 52-year-old at-risk inmate at Santa Rita Jail who suffers from a history of asthma. He has pled guilty to aiding and abetting the distribution of methamphetamine and being a felon in possession of ammunition. He was arrested on October 10, 2018, and has remained incarcerated through the entirety of the COVID-19 pandemic, which has completely changed the

1

world and disproportionately impacted incarcerated people. Given Mr. Moore's health conditions, the COVID-19 pandemic constitutes an exceptional reason for his release. Santa Rita Jail has determined that he is at increased risk for COVID-19 complications. If, with the help of pretrial services, Mr. Moore were released to an inpatient residential drug treatment facility pending his sentencing, he would not pose a flight risk or danger to the community. He asks the Court to release him under 18 U.S.C. § 3143.

## II.     PROCEDURAL BACKGROUND

On May 10, 2018, Mr. Moore was indicted on five counts alongside his co-defendant, Anthony Lopez, for conduct occurring in January and February of 2017. Mr. Moore was charged with conspiracy to distribute methamphetamine (21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(viii)), distribution of methamphetamine (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii)), two counts of aiding and abetting the distribution of methamphetamine (18 U.S.C. § 2) and one count of being a felon in possession of ammunition (18 U.S.C. § 922(g)(1)). He was arrested on October 10, 2018, and a detention hearing was set for October 17, 2018. On that date, Mr. Moore's previous attorney waived the detention hearing and Mr. Moore was ordered detained by Magistrate Judge Nathanael M. Cousins.

On November 26, 2019, over a year after his arrest, the United States filed a Superseding Information charging Mr. Moore with aiding and abetting the distribution of methamphetamine and being a felon in possession of ammunition. On that same date, he pled guilty to both charged counts pursuant to a written plea agreement.

Mr. Moore is currently detained at Santa Rita County Jail, an Alameda County facility in Dublin, California, under contract with the United States Marshals Service. "This 'mega jail' is the third largest facility in California and the fifth largest in the nation. It houses inmates in all classification levels including federal detainees. Over 29,000 inmates are booked into Santa Rita each year. As of April 9, 2020, Santa Rita house[d] 1,979 inmates." *United States v. Hargrove*, 2020

WL 1865462, at *1 (N.D. Cal Apr. 13, 2020) (citations omitted).  As of June 2, 2020, Santa Rita housed 1909 inmates and 57 had tested positive for COVID-19 while at the jail. https://www.alamedacountysheriff.org/admin_covid19.php.  Three staff members have tested positive.  *Id.*  In a recent order by United States District Court Judge Susan Illston, she noted that "[t]he number of confirmed COVID-19 cases at Santa Rita continues to grow, and only a small percentage of the total inmates have been tested." *United States v. Lee*, 2020 WL 2512415, at *2 (N.D. Cal. May 15, 2020).

      Mr. Moore has suffered from asthma for about six years.  Prior to entering Santa Rita Jail, he received treatment at San Jose Indian Health Center and the Tully Health Clinic in San Jose.  Vilkin Decl., Ex. A.  According to the Presentence Investigation Report, Mr. Moore,

> "was born legally blind in the left eye and suffers from asthma. He also reported suffering from arthritis in the back and hips since a young age. Furthermore, the defendant underwent five surgeries: three in his left eye; one in his urethra; and one in the stomach for the removal of a hernia. The above-mentioned diagnosis and surgeries were under the care of San Francisco Children's Hospital."

PSR at 17.  His treatment for asthma is also documented in Santa Rita Jail medical records from the date he entered the facility in October of 2018.  Vilkin Decl., Ex. A.  As a result of his diagnosis, Mr. Moore was categorized as "orange" by Santa Rita Jail beginning April 9, 2020.  *Id.*, Ex. D. This categorization means that he is "considered at increased risk for COVID-19 complications" because he has "moderate or persistent asthma." *Id.*, Ex. C.  At Santa Rita, he has been prescribed a Ciclesonide inhaler, a Beclometasone inhaler, and an Albuterol inhaler for his condition.  *Id.*, Ex. A. During one particular visit on February 27, 2019, the clinician noted "shortness of breath with limited activity or when resting." *Id.* at 15.  On May 16, 2019, Mr. Moore requested breathing treatment for nasal congestion "interfering with sleep." *Id.* at 253.  Throughout his time at Santa Rita, Mr. Moore has been consistently seen for chronic care visits for his asthma.  Vilkin Decl., Ex. A.

      The Center for Disease Control and Prevention guidance on COVID-19 states that people "with moderate to severe asthma may be at higher risk of getting very sick from COVID-19.

3

COVID-19 can affect your respiratory tract (nose, throat, lungs), cause an asthma attack, and possibly lead to pneumonia and acute respiratory disease." www.cdc.coronavirus/2019-ncov/need-extra-precautions/asthma.html.

One June 3, 2020, Mr. Moore was designated as "yellow" by Santa Rita Jail officials. Vilkin Decl., Ex. D. This means that he had contact with a known or suspected COVID-19 case. *Id.*, Ex. C. His unit – 4F—is currently quarantined through June 17, 2020. *Id.*, Ex. B.

As a result of his health conditions, the conditions in Santa Rita Jail and the COVID-19 pandemic, Mr. Moore now seeks a review and appeal of the detention order issued on October 17, 2018. If an appropriate placement can be found with the help of pretrial services, Mr. Moore asks to be released to an inpatient residential drug treatment facility pending his sentencing date.

### III.  DISCUSSION

18 U.S.C. § 3143 governs the release or detention of a defendant pending sentencing. 18 U.S.C. § 3143(a)(2) requires that a court detain a person found guilty of an offense punishable by a maximum term of imprisonment of ten years or more as prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.). 18 U.S.C. §§ 3143(b)(2), 3142(f)(1)(C). Mr. Moore pled guilty to distributing methamphetamine, a crime punishable by a maximum term of more than ten years as prescribed in the Controlled Substances Act. Accordingly, he is subject to § 3143(a)(2)'s mandatory detention provision. However, § 3145(c) carves out an exception to this provision: "[a] person subject to detention under §3143(a)(2)…who meets the conditions of release set forth in 3143(a)(1)…may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

The conditions of release set forth in § 3143(a)(1) require a finding by the court "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other

person or the community if released under section 3142(b) or (c)." Mr. Moore seeks release under section 3142(c), which governs the release of a defendant with "the least restrictive … combination of conditions, that such judicial offer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). A condition can include that the defendant "undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose." 18 U.S.C. 3142(c)(1)(B)(x).

### A. If released to an inpatient residential drug treatment facility, Mr. Moore would not pose a flight risk or a danger to others.

If pretrial services were able to find an appropriate placement for Mr. Moore and he were to be released with a combination of conditions that included GPS tracking and inpatient drug treatment, he would not pose a flight risk or a danger to the community.

Mr. Moore, now 52, was born and raised by his mother in Bayview Hunters Point. He is legally blind in his right eye, which has been operated on three times, and has been diagnosed with asthma. Vilkin Decl., Ex. A; PSR at 16. He grew up without a father and under the care of a mother addicted to drugs. PSR at 16. Mr. Moore himself developed a drug addiction at a very young age. He has been fighting that addiction his entire life, and has sold drugs to maintain that habit. The last treatment program Mr. Moore participated in was thirteen years ago in 2007. He would undoubtedly benefit from a long-term residential inpatient drug treatment program. Mr. Moore wants to participate and agrees to comply with all terms of any program the Court would consider imposing.

Mr. Moore's criminal history consists mostly of very old drug crimes. According to the Pre-Plea Modified Presentence Investigation Report filed by U.S. Probation, his only previous conviction for selling narcotics was in 1986 when he was 19 years old. His other drug convictions, in 1990 at the age of 23, in 2003 at the age of 35, and in 2004 at the age of 36, are all for personally being under the influence of narcotics or possessing narcotics. Mr. Moore has only one violent conviction: a

5

decade-old misdemeanor violation of California Penal Code 243(e), battery on a spouse, which occurred in 2010.  He has had no convictions since that date.

While he comes before this Court following a guilty plea for distributing methamphetamine and being in possession of ammunition, his history does not tell the story of a long-time dangerous drug-dealer. Mr. Moore is an addict.  In this case, he sold drugs and a gun to maintain his addiction. He has no convictions for possessing ammunition or guns.  Significantly, the underlying conviction making the possession of ammunition unlawful in this case was for being under the influence of drugs, a nonviolent offense.

Placing Mr. Moore in residential drug treatment would also guarantee his appearance: not only does Mr. Moore want treatment, but he has been a Bay Area resident his entire life.  He has no ties to any communities outside of this area, nor does he have the funds or documents to travel.  A combination of electronic monitoring and placement in an inpatient residential facility would adequately reduce any risk of fleeing or any danger that Mr. Moore would pose to others.

Additionally, the COVID-19 pandemic and the reported infections at Santa Rita Jail mitigates Mr. Moore's risk of fleeing or harming the community.  He now has

> "serious, potentially life-threatening incentives to obey the conditions of his release.  Not only will [he] be incentivized to comply with the conditions of his release to temporarily remain out of jail, [he] is further incentivized to remain in place and avoid social contact lest he contracts COVID-19.  These changed conditions mitigate [his] risk of flight and danger."

*United States v. Hargrove, supra* at *4.

### B. Mr. Moore's health condition in light of COVID-19 provide exceptional reasons to release him from detention.

In addition to showing that he is not likely to flee or pose a danger to the safety of others, Mr. Moore must also show exceptional reasons why his detention would not be appropriate.  18 U.S.C. § 3145(c). In determining whether exceptional reasons have been shown, "a wide range of factors may bear upon the analysis."  *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003).  The district court has "broad discretion … to consider all the particular circumstances of the case before it and

6

[to] draw upon its broad 'experience with the mainsprings of human conduct.'" *Id*. The circumstances may include a "sufficiently serious illness" that "would render the hardships of prison unusually harsh for a particular defendant." *Id*. These reasons may exist "even if the requisite medical treatment is available in prison." *Id.*

We are undoubtedly in extraordinary times that present exceptional reasons for Mr. Moore's immediate release. COVID-19 has swept the globe. It has killed hundreds of thousands of people worldwide and over 100,000 in the United States alone. The President of the United States and the Governor of California have declared states of emergency in response to the pandemic. California has one of the largest numbers of confirmed cases in the county: on June 3, 2020, the state had over 117,000 documented cases and 4,361 deaths. www.cdph.ca.gov. There is no cure or anti-viral treatment, leaving people to mitigate its spread by using preventative strategies that include social distancing and scrupulous hygiene practices.

While it has impacted the community at large, COVID's toll has been especially harsh within penal institutions. "As is now clear, the COVID-19 pandemic has reached U.S. jails and prisons. *Id.* As of June 3, 2020, 1,994 inmates in the state prison system have active cases. https://www.cdcr.ca.gov/covid19/. There have been 364 positive tests among employees. *Id.* Twelve inmates and one employee have died. *Id.* In the federal system, there have been 5,263 confirmed inmate cases and 445 confirmed staff cases. Bop.gov/coronavirus/. A staggering 68 federal inmates have died. *Id.* These numbers reflect the higher risk of COVID-19 to people in jails than in the community in terms of risk of transmission, exposure, and harm to individuals who become infected. "Other courts and government officials have recognized that inmates are at a particular risk for contracting COVID-19." *United States v. Hargrove, supra* at *3.

Mr. Moore suffers from chronic asthma, which makes him acutely vulnerable to illness or death if he contracts COVID-19. His unit is currently under quarantine for 14 days because of a potential exposure to COVID-19. Mr. Moore has been classified as "orange" at Santa Rita Jail since

7

April 9, 2020, meaning that the jail has determined he is "considered at increased risk for COVID-19 complications." His asthma diagnosis is also noted in his Presentence Investigation Report and his medical records. Mr. Moore has received treatment at the Indian Health Center of Santa Clara Valley and Valley Health Center Tully in San Jose before entering custody.[1] Mr. Moore currently undergoes treatment for chronic care at Santa Rita Jail. In fact, during intake at Santa Rita Jail on October 10, 2018, the date of his arrest, he reported his asthma diagnosis to the clinician, as well as where he previously received treatment and the names of his prescription medications. At one appointment, his condition was so poor that the clinician noted "shortness of breath with limited activity or when resting." Throughout the entirety of his incarceration, Mr. Moore's inhaler prescriptions have repeatedly been refilled.

People with asthma are particularly likely to suffer serious complications if they contract COVID-19. "As a virus that impacts the respiratory system, the consensus medical opinion is that individuals with moderate to severe asthma are more vulnerable to severe forms of COVID-19." *United States v. Ruff*, 2020 WL 2732093, at *5 (E.D. Penn. May 26, 2020). In other words, "[a]s several courts have already recognized, the heightened threat posed by COVID-19 to an inmate with a documented respiratory condition in a detention facility with multiple confirmed cases presents a unique combination of circumstances justifying release under 3145(c)." *United States v. McKenzie*, 2020 WL 1503669 at *2 (S.D.N.Y. Apr. 30, 2020) (quotations and citations omitted). Courts in this district have released similarly situated inmates to Mr. Moore in light of an asthma diagnosis. *See, e.g, United States v. Lee, supra* (finding extraordinary and compelling reasons to release a Santa Rita Jail inmate with asthma); *United States v. Simpson*, 2020 WL 2323055 (N.D. Cal. May 11, 2020) (finding extraordinary and compelling reasons to release an inmate with asthma who is at high risk of

---

[1] Santa Rita Jail requested Mr. Moore's medical records from Indian Health Center on October 18, 2018. Santa Rita Jail records indicate the clinician reviewed records from Indian Health Center on November 28, 2018. Records from Indian Health Center were not included in the records Santa Rita Jail provided to counsel.

contracting COVID-19 and especially vulnerable to the virus); *United States v. Jones*, WL 1814616, at *1 (N.D. Cal. Apr. 10, 2020) (recommending release to home confinement for inmate with asthma because "the risks of infection across prison populations are intolerably high, and even more so for older inmates with a history of asthma.") Mr. Moore is 52 years old with a documented respiratory condition in a detention facility that has reported dozens of confirmed cases. His condition, in light of COVID-19, provides an exceptional reason to release him from custody.

### IV.   CONCLUSION

Mr. Moore's individual circumstances, which are highlighted by his "orange" categorization at Santa Rita Jail, render him particularly susceptible to infection from the COVID-19 virus while in custody and particularly at risk of severe illness or death as a result of such infection. The disease is highly contagious and has entered Santa Rita Jail, infecting dozens of inmates and several staff. The "unprecedented, extremely serious health risk posed by continued detention, exacerbated by [Mr. Moore's] health conditions, affects the Court's consideration of whether [he] constitutes a risk of flight and danger to the community." *United States v. Hargrove*, *supra* at *4. He asks to be released to an inpatient drug treatment facility pursuant to 18 U.S.C. §§ 3143, 3145(c) and 3142(c)(1)(B)(x). These conditions, taken together, adequately protect the safety of the community and ensure Mr. Moore's return for sentencing while minimizing the threat to his life.

Dated: June 8, 2020                                   Respectfully submitted,

                                                      NOLAN BARTON & OLMOS, LLP


                                                       /s/
                                                      _____
                                                      Daniel L. Barton
                                                      Attorney for Defendant Shawn Moore